# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| THOMAS A. WOOTTEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15-CV-440 SNLJ |
| ) | |
| FISHER ASSET MANAGEMENT, LLC, ) | |
| d/b/a FISHER INVESTMENTS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff commenced this action by filing a Petition to Vacate Arbitration Award on March 10, 2015 (#1). Plaintiff filed his Motion to Vacate Arbitration Award (#2-2) on April 27, 2015. The Motion was intended, pursuant to the language of the Federal Arbitration Act, 9 U.S.C. § 12, to replace the Petition; it was based on the same facts as the Petition but narrowed the grounds under which plaintiff seeks to proceed.

Defendant has filed documents responsive to both the Petition and the Motion. With respect to the Petition, defendant has filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (#14). With respect to the Motion, defendant has filed a Motion to Dismiss or Stay Pursuant to Colorado River Abstention Doctrine (#16).

Plaintiff has filed a Motion to Clarify (#27) which seeks to address irregularities in the docket sheet due to the fact that plaintiff's Motion to Vacate should have replaced the Petition as the operative document in this case.

Defendant agrees with plaintiff that the Motion to Vacate (#2-2) should be treated as the operative document in this case and that the Motion to Dismiss for Lack of Subject

Matter Jurisdiction should be denied as moot without prejudice. The only matter about which the parties disagree is whether the original "Petition" should be stricken from the docket sheet. The Court declines to strike the Petition from the docket sheet, as to do so would likely result in more confusion.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Clarify (#27) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Vacate the Arbitration Award (#2-2) is the operative pleading setting forth the grounds upon which plaintiff requests the Award be vacated, and it relates back to and replaces the Petition (#1) originally filed in this case.

**IT IS FURTHER ORDERED** that defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (#14) is **DENIED** as moot without prejudice.

**IT IS FURTHER ORDERED** that defendant's Motion to Dismiss or Stay Pursuant to Colorado River Abstention Doctrine (#16) is deemed a cross-motion to plaintiff's Motion to Vacate.

**IT IS FINALLY ORDERED** that defendant is granted up to ten days after the Court rules on the Motion to Dismiss or Stay to file a memorandum in opposition to plaintiff's Motion to Vacate and/or to file a Cross-Motion to Confirm the Arbitration Award.

Dated this  4th  day of August, 2015.

_____
STEPHEN N. LIMBAUGH, Jr.
UNITED STATES DISTRICT JUDGE