IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| THOMAS A. WOOTTEN, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15-CV-440 SNLJ |
| | ) | |
| FISHER ASSET MANAGEMENT, LLC, | ) | |
| d/b/a FISHER INVESTMENTS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff and defendant engaged in a six-day arbitration in Chicago, Illinois, which concluded on January 28, 2015 with a Decision & Final Award in favor of the defendant. Plaintiff commenced this action by filing a Petition to Vacate Arbitration Award on March 10, 2015. By that time, however, defendant had already filed a Petition to Confirm the arbitration award in the Circuit Court of Cook Count, Illinois.

The parties agree that the Illinois Case and this case are the same in all relevant respects. Currently pending before the Court is defendant's Motion to Dismiss or Stay Pursuant to Colorado River Abstention Doctrine (#16). In *Colorado River Water Conversation District v. United States,* 424 U.S. 800, 813 (1976), the Supreme Court stressed that federal courts have a "virtually unflagging obligation to exercise the jurisdiction given them," even when there is a pending state court action on the same subject matter. Nonetheless, a court may abstain under *Colorado River* from exercising jurisdiction if (1) "parallel state and federal actions exist" and (2) "exceptional

1

circumstances warrant abstention." *Cottrell v. Duke,* 737 F.3d 1238, 1245 (8th Cir. 2013) (quoting *Fru–Con Constr. Corp. v. Controlled Air, Inc.,* 574 F.3d 527, 534 (8th Cir. 2009)).

As stated above, the parties agree that the Illinois Case and this action are parallel. Thus the Court must address whether exceptional circumstances warrant abstention. *Fru–Con Constr.,* 574 F.3d at 534. Factors to be evaluated in determining the existence of "exceptional circumstances" include the following:

> (1) whether there is a *res* over which one court has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has priority---not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases, (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights.

*Federated Rural Elec. Ins. Corp. v. Ark. Elec. Coops., Inc.,* 48 F.3d 294, 297 (8th Cir. 1995).

Factor one is not an issue because this matter does not involve *in rem* jurisdiction. *See, e.g.*, *Myer v. Americo Life, Inc.*, No. 05-0718MCWDW, 2005 WL 3007117, at *2 (W.D. Mo. Nov. 8, 2005) *aff'd on other grounds,* 469 F.3d 731 (8th Cir. 2006). It therefore weighs in favor of retention. Factor two weighs in favor of retention as well because the federal forum is more convenient for the plaintiff and equally convenient for the defendant. However, factors three and four weigh heavily for abstention: the two cases are identical. "Allowing two courts to conduct identical proceedings to adjudicate the identical dispute is a textbook example of the inefficient use of judicial resources and

it exposes the parties to potentially conflicting determinations." *Id.* In addition, the Illinois Case has already set a briefing schedule for the parties' cross-motions to confirm or vacate the arbitration award. The Illinois Case is therefore both first-filed and also procedurally ahead of this case's progress. The fifth and sixth factors weigh slightly in favor of retention in light of fact that federal, Missouri, and Delaware law control, and Illinois law is not at issue.

The Court is mindful that its decision "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 16 (1983). The Court notes that it previously had jurisdiction over this case, but this Court dismissed that matter, holding that plaintiff first needed to complete arbitration before proceeding in this Court. *Wootten v. Fisher Asset Management, LLC*, 4:10cv598 SNLJ, Document No. 46 (E.D. Mo. March 31, 2011). The Eighth Circuit affirmed. *Wootten v. Fisher Investments, Inc.*, 688 F.3d 487, 494 (8th Cir. 2012). Plaintiff complains that he was unfairly required to arbitrate in Chicago, Illinois instead of closer to his home in Missouri in contravention of the arbitration rules, and he suggests that defendant seeks to compound that injustice by continuing litigation in Chicago. Specifically, plaintiff points out that in addition to the geographic inconvenience, the Cook County court requires inconvenient and costly court appearances that are not required by this Court.

In response, defendant accuses plaintiff of forum shopping. Although it is difficult to fault plaintiff for seeking to litigate close to home (and where he previously brought suit related to this case), the Court notes that plaintiff might have chosen to remove the

Illinois Action to the Illinois federal court and then might have pursued a change of venue --- that would have avoided the duplicitous litigation the parties now face.

The Court does not take the decision to abstain lightly. However, an exact duplicate of this case is proceeding in the Illinois Case; that court has jurisdiction and denied a motion to dismiss; and that litigation has progressed further. Plaintiff will surely be better off from a financial standpoint litigating only one case as opposed to two duplicate actions. According to the Illinois Case's June 5, 2015 order, initial briefing was due to be completed in the Illinois Case on July 2, 2015, and a status hearing was to be held July 14, 2015 to determine a deadline for plaintiff's reply brief in that case. Thus, progress in that case is much farther along. Abstention is appropriate in this case, and defendant's motion to dismiss will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss or Stay Pursuant to Colorado River Abstention Doctrine (#16) is **GRANTED**.

Dated this  6th  day of August, 2015.

_____
STEPHEN N. LIMBAUGH, Jr.
UNITED STATES DISTRICT JUDGE